# VEATCH CARLSON, LLP

(SPACE BELOW FOR FILING STAMP ONLY)

A PARTNERSHIP INCLUDING PROFESSIONAL CORPORATIONS

1055 Wilshire Boulevard, 11th Floor

LOS ANGELES, CALIFORNIA  90017

TELEPHONE (213) 381-2861

FACSIMILE (213) 383-6370

KEVIN R. LUSSIER (SBN 143821)
klussier@veatchfirm.com
KIM D. ASHLEY (SBN 253160)
kashley@veatchfirm.com

Attorneys for Defendants,
OOSHIRTS INC., LITTLE RAYMOND'S
PRINT SHOP INC., and RAYMOND LEI

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANRIO CO. LTD. and SANRIO, INC., <br><br> Plaintiffs. <br><br> v. <br><br> OOSHIRTS INC., LITTLE RAYMOND'S PRINT SHOP INC., RAYMOND LEI, and DOES 1 through 10, inclusive, <br><br> Defendants. | CASE NO. 3:18-cv-02235-CRB <br><br> **ANSWER OF DEFENDANTS OOSHIRTS, INC., LITTLE RAYMOND'S PRINT SHOP INC., AND RAYMOND LEI TO COMPLAINT** <br><br> **DEMAND FOR JURY TRIAL** <br><br><br> Complaint filed:        5/25/2018 |

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, defendants OOSHIRTS INC., LITTLE RAYMOND'S PRINT SHOP INC., and RAYMOND LEI ("Defendants") answer the Complaint of Plaintiffs SANRIO CO. LTD. and SANRIO, INC. ("Plaintiffs"). If an allegation is not specifically admitted, it is hereby denied.

**ANSWER TO ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF**

**Jurisdiction and Venue**

1.      Answering Paragraph 1, Defendants admit that the Court has jurisdiction over claims alleged to arise under federal law and supplemental jurisdiction over any related state law claims that arise from the same nucleus of operative facts as the claims based on federal law. Except as expressly admitted herein, Defendants deny each and every remaining allegation of Paragraph 1.

2.      Answering Paragraph 2, Defendants admit that venue is proper in this judicial district as to themselves. Except as expressly admitted herein, Defendants deny each and every remaining allegation of Paragraph 2.

**Intradistrict Assignment**

3.      Answering Paragraph 3, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

**Introduction**

4.      Answering Paragraph 4, Defendants deny each and every allegation contained therein as to themselves.

**Plaintiffs**

5.      Answering Paragraph 5, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

6.      Answering Paragraph 6, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

7.      Answering Paragraph 7, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

8.      Answering Paragraph 8, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

9.      Answering Paragraph 9, Defendants admit that Exhibit A purports to contain a list of copyright registrations. As to the remainder of Paragraph 9, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

10.      Answering Paragraph 10, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

11.      Answering Paragraph 11, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

12.      Answering Paragraph 12, Defendants admit that Exhibit B purports to contain a list of trademark registrations. As to the remainder of Paragraph 12, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

13.      Answering Paragraph 13, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

14.      Answering Paragraph 14, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

**Defendants**

15.      Answering Paragraph 15, Defendants admit that ooShirts, Inc. is a California corporation with its principal place of business in the city of Fremont, County of Alameda, State of California. Defendants additionally admit that ooShirts, Inc. operates the website teechip.com along with the subdomain pro.teechip.com. Defendants admit that ooShirts, Inc. offers third-

party end-users the opportunity to create "storefronts" on its TeeChip platform, through which such third-parties may offer custom-printed designs to the public, and that silveryshirt.com, ontoptee.com, fanartus.com, leoriouss.com and teepro.org are, or were, such storefronts. The answering Defendants admit that they are subject to the jurisdiction of this Court. Except as expressly admitted herein, Defendants deny each and every remaining allegation of Paragraph 15.

16.     Answering Paragraph 16, Defendants admit that Little Raymond's Print Shop Inc. is a California corporation with its principal place of business in the city of Fremont, County of Alameda, State of California. The answering Defendants admit that they are subject to the jurisdiction of this Court. Except as expressly admitted herein, Defendants deny each and every remaining allegation of Paragraph 16.

17.     Answering Paragraph 17, Defendants admit that Raymond Lei is an individual and a resident of Cupertino, County of Santa Clara, in the State of California. Defendants further admit that Lei is a principal of ooShirts and Little Raymond's. Except as expressly admitted herein, Defendants deny each and every remaining allegation of Paragraph 17.

18.     Answering Paragraph 18, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

**Defendants' Infringing Activities**

19.     Answering Paragraph 19, Defendants deny each and every allegation contained therein.

20.     Answering Paragraph 20, Defendants admit they do not have a written license agreement with Plaintiffs. Except as expressly admitted herein, Defendants deny each and every remaining allegation of Paragraph 20.

21.     Answering Paragraph 21, Defendants lack sufficient knowledge or information to form a belief concerning the truth of the factual allegations contained therein and on that basis deny such allegations.

1    22.    Answering Paragraph 22, Defendants admit that they received a letter from

2  counsel for Plaintiffs on or about January 9, 2017, and that Plaintiffs and Defendants exchanged

3  communications a number of times before Plaintiffs filed the instant suit. Except as expressly

4  admitted herein, Defendants deny each and every remaining allegation of Paragraph 22.

5    23.    Answering Paragraph 23, Defendants deny each and every allegation contained

6  therein.

7    24.    Answering Paragraph 24, Defendants deny each and every allegation contained

8  therein.

9    25.    Answering Paragraph 25, Defendants admit that the designs at issue were created

10  by third-party users. Defendants additionally admit that the TeeChip website contains the phrases

11  "A comprehensive toolkit to grow your sales to the next level" and "Every year, millions of

12  items are sold through TeeChip Pro." Except as expressly admitted herein, Defendants deny each

13  and every remaining allegation of Paragraph 25.

14    26.    Answering Paragraph 26, Defendants deny each and every allegation contained

15  therein.

16    27.    Answering Paragraph 27, Defendants deny each and every allegation contained

17  therein.

### ANSWER TO FIRST CLAIM FOR RELIEF

#### (For Copyright Infringement)

20    28.    Answering Paragraph 28, Defendants incorporate their responses to Paragraphs 1

21  through 27, inclusive, as if fully set forth herein.

22    29.    Answering Paragraph 29, Defendants lack sufficient knowledge or information to

23  form a belief concerning the truth of the factual allegations contained therein and on that basis

24  deny such allegations.

25    30.    Answering Paragraph 30, Defendants deny each and every allegation contained

26  therein.

27    31.    Answering Paragraph 31, Defendants deny each and every allegation contained

28  therein.

ANSWER TO COMPLAINT

1    32.    Answering Paragraph 32, Defendants deny each and every allegation contained

2    therein.

3    33.    Answering Paragraph 33, Defendants deny each and every allegation contained

4    therein.

5    **ANSWER TO SECOND CLAIM FOR RELIEF**

6    **(For Trademark Infringement)**

7    34.    Answering Paragraph 34, Defendants incorporate their responses to Paragraphs 1

8    through 33, inclusive, as if fully set forth herein.

9    35.    Answering Paragraph 35, Defendants deny each and every allegation contained

10   therein.

11   36.    Answering Paragraph 36, Defendants deny each and every allegation contained

12   therein.

13   37.    Answering Paragraph 37, Defendants deny each and every allegation contained

14   therein.

15   38.    Answering Paragraph 38, Defendants deny each and every allegation contained

16   therein.

17   39.    Answering Paragraph 39, Defendants deny each and every allegation contained

18   therein.

19   **ANSWER TO THIRD CLAIM FOR RELIEF**

20   **(For Unfair Competition)**

21   40.    Answering Paragraph 40, Defendants incorporate their responses to Paragraphs 1

22   through 39, inclusive, as if fully set forth herein.

23   41.    Answering Paragraph 41, Defendants lack sufficient knowledge or information to

24   form a belief concerning the truth of the factual allegations contained therein and on that basis

25   deny such allegations.

26   42.    Answering Paragraph 42, Defendants lack sufficient knowledge or information to

27   form a belief concerning the truth of the factual allegations contained therein and on that basis

28   deny such allegations.

ANSWER TO COMPLAINT

43.     Answering Paragraph 43, Defendants deny each and every allegation contained therein.

44.     Answering Paragraph 44, Defendants deny each and every allegation contained therein.

45.     Answering Paragraph 45, Defendants deny each and every allegation contained therein.

46.     Answering Paragraph 46, Defendants deny each and every allegation contained therein.

47.     Answering Paragraph 47, Defendants deny each and every allegation contained therein.

48.     Answering Paragraph 48, Defendants deny each and every allegation contained therein.

49.     Answering Paragraph 49, Defendants deny each and every allegation contained therein.

50.     Answering Paragraph 50, Defendants deny each and every allegation contained therein.

## ANSWER TO FOURTH CLAIM FOR RELIEF

### (For False Advertising)

51.     Answering Paragraph 51, Defendants incorporate their responses to Paragraphs 1 through 50, inclusive, as if fully set forth herein.

52.     Answering Paragraph 52, Defendants deny each and every allegation contained therein.

53.     Answering Paragraph 53, Defendants deny each and every allegation contained therein.

54.     Answering Paragraph 54, Defendants deny each and every allegation contained therein.

55.     Answering Paragraph 55, Defendants deny each and every allegation contained therein.

ANSWER TO COMPLAINT

56.     Answering Paragraph 56, Defendants deny each and every allegation contained therein.

### ANSWER TO FIFTH CLAIM FOR RELIEF

**(For Contributory Copyright Infringement)**

57.     Answering Paragraph 57, Defendants incorporate their responses to Paragraphs 1 through 56, inclusive, as if fully set forth herein.

58.     Answering Paragraph 58, Defendants deny each and every allegation contained therein.

59.     Answering Paragraph 59, Defendants deny each and every allegation contained therein.

60.     Answering Paragraph 60, Defendants deny each and every allegation contained therein.

61.     Answering Paragraph 61, Defendants deny each and every allegation contained therein.

62.     Answering Paragraph 62, Defendants deny each and every allegation contained therein.

### ANSWER TO SIXTH CLAIM FOR RELIEF

**(For Vicarious Copyright Infringement)**

63.     Answering Paragraph 63, Defendants incorporate their responses to Paragraphs 1 through 62, inclusive, as if fully set forth herein.

64.     Answering Paragraph 64, Defendants deny each and every allegation contained therein.

65.     Answering Paragraph 65, Defendants deny each and every allegation contained therein.

66.     Answering Paragraph 66, Defendants deny each and every allegation contained therein.

/ / /

/ / /

ANSWER TO COMPLAINT

1

### ANSWER TO SEVENTH CLAIM FOR RELIEF

2

**(For Contributory Trademark Infringement)**

3    67.    Answering Paragraph 67, Defendants incorporate their responses to Paragraphs 1

4 through 66, inclusive, as if fully set forth herein.

5    68.    Answering Paragraph 68, Defendants deny each and every allegation contained

6 therein.

7    69.    Answering Paragraph 69, Defendants deny each and every allegation contained

8 therein.

9    70.    Answering Paragraph 70, Defendants deny each and every allegation contained

10 therein.

11    71.    Answering Paragraph 71, Defendants deny each and every allegation contained

12 therein.

13    72.    Answering Paragraph 72, Defendants deny each and every allegation contained

14 therein.

15    73.    Answering Paragraph 73, Defendants deny each and every allegation contained

16 therein.

17    74.    Answering Paragraph 74, Defendants deny each and every allegation contained

18 therein.

19

### ANSWER TO EIGHTH CLAIM FOR RELIEF

20

**(For Vicarious Trademark Counterfeiting)**

21    75.    Answering Paragraph 75, Defendants incorporate their responses to Paragraphs 1

22 through 74, inclusive, as if fully set forth herein.

23    76.    Answering Paragraph 76, Defendants deny each and every allegation contained

24 therein.

25    77.    Answering Paragraph 77, Defendants deny each and every allegation contained

26 therein.

27    78.    Answering Paragraph 78, Defendants deny each and every allegation contained

28 therein.

ANSWER TO COMPLAINT

79.     Answering Paragraph 79, Defendants deny each and every allegation contained therein.

## SEPARATE AND AFFIRMATIVE DEFENSES

In further answer to the Complaint, Defendants assert the following separate and affirmative defenses (the "Separate and Affirmative Defenses"). By alleging the Separate and Affirmative Defenses set forth below, Defendants intend no alteration of the burden of proof and/or burden of going forward with evidence which otherwise exists with respect to any particular issue at law or in equity. Furthermore, all such defenses are pled in the alternative, and do not constitute an admission of liability or that Plaintiffs are entitled to any relief whatsoever. Defendants reserve the right to raise additional affirmative Separate and Affirmative defenses as they become known to it through discovery or investigation.

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Claim Upon Which Relief May be Granted)

1.     As their first and separate affirmative defense to the Complaint, Defendants, and each of them, allege that the Complaint fails to state facts sufficient to constitute any claim for relief against Defendants, or any of them.

## SECOND AFFIRMATIVE DEFENSE

### (Estoppel)

2.     As their second and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' purported causes of action, and each of them, are barred by the doctrine of estoppel.

## THIRD AFFIRMATIVE DEFENSE

### (Waiver)

3.     As their third and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' purported causes of action, and each of them, are barred by the doctrine of waiver.

/ / /

/ / /

**FOURTH AFFIRMATIVE DEFENSE**

**(Laches)**

4.      As their fourth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' purported causes of action, and each of them, are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

**(Unclean Hands)**

5.      As their fifth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs are barred from recovery against these Defendants, or any of them, pursuant to the equitable doctrine of unclean hands.

**SIXTH AFFIRMATIVE DEFENSE**

**(Mitigation of Damages)**

6.      As their sixth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs failed to mitigate, reduce or avoid their damages, if any.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Punitive Damages Limited)**

7.      As their seventh and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Defendants' actions were innocent and/or non-willful in nature. Even if Plaintiffs could satisfy the requirements for proving willful infringement, any damages awarded must be reasonable in terms of the following guideposts set forth by the United States Supreme Court in *BMW of North America, Inc. v. Ira Gore, Jr.*, 517 U.S. 559 (1996): (1) the degree of reprehensibility of the Defendant's conduct; (2) the actual harm inflicted on Plaintiff; and (3) the civil or criminal penalties that could be imposed for comparable misconduct.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Indemnification)**

8.      As their eighth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that if any liability exists on the part of Defendants, or any of them, such liability is to be completely indemnified by individual parties other than these Defendants.

ANSWER TO COMPLAINT

1

## NINTH AFFIRMATIVE DEFENSE

2

**(Lack of Inherent Distinctiveness and/or Secondary Meaning)**

3

9.      As their ninth and separate affirmative defense to the Complaint, Defendants, and

4

each of them, allege that the claims made in the Complaint are barred, in whole or in part, because

5

the purported marks are not inherently distinctive and have not attained secondary meaning.

6

## TENTH AFFIRMATIVE DEFENSE

7

**(No Likelihood of Confusion)**

8

10.     As their tenth and separate affirmative defense to the Complaint, Defendants, and

9

each of them, allege that the claims made in the Complaint are barred, in whole or in part, because

10

the alleged conduct by Defendants did not and does not result in confusion with any of Plaintiffs'

11

purported marks.

12

## ELEVENTH AFFIRMATIVE DEFENSE

13

**(Innocent Infringement and Good Faith)**

14

11.     As their eleventh and separate affirmative defense to the Complaint, Defendants,

15

and each of them, allege that, to the extent that Plaintiffs' work was infringed, Defendants, and

16

each of them, acted in good faith, innocent of any knowledge or intent to infringe Plaintiffs' rights.

17

If such good faith and lack of intent does not, as a matter of law, preclude a finding of liability,

18

any general or statutory damages awarded to Plaintiffs should be correspondingly reduced.

19

## TWELFTH AFFIRMATIVE DEFENSE

20

**(Statute of Limitations)**

21

12.     The Complaint, and each purported claim for relief alleged therein, is barred in

22

whole or in part by the applicable statutes of limitation, including, but not limited to, 17 U.S.C. §

23

507(b) and Cal. Code of Civ. Proc. § 17208.

24

## THIRTEENTH AFFIRMATIVE DEFENSE

25

**(Acquiescence)**

26

13.     As their thirteenth and separate affirmative defense to the Complaint, Defendants,

27

and each of them, allege that Plaintiffs' claims are barred by the doctrine of acquiescence.

28

/ / /

ANSWER TO COMPLAINT

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Join Indispensable Parties)**

14.    As their fourteenth and separate affirmative defense to the Complaint, Defendants, and each of them, allege upon information and belief that Plaintiffs' claims are barred because Plaintiffs failed to join indispensable parties.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Consent)**

15.    As their fifteenth and separate affirmative defense to the Complaint, Defendants, and each of them, allege upon information and belief that Plaintiffs' claims are barred and recovery is barred or limited by the doctrine of consent, or license.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Fair Use-- Trademark)**

16.    As their sixteenth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' trademark claims are barred by the doctrines of fair use, nominative fair use, and/or descriptive fair use.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Lack of Standing)**

17.    As their seventeenth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' claims are barred by the fact that the Plaintiffs are not the author and/or owner of the works of authorship referenced in the Complaint and thus lack standing to sue.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

**(Copyrighted Work Not Original to Plaintiffs)**

18.    As their eighteenth and separate affirmative defense to the Complaint, Defendants, and each of them, allege on information and belief that, to the extent that Plaintiffs have obtained any copyright registrations for the works identified in the Complaint, they are invalid because they claim material originally developed by persons other than Plaintiffs.

/ / /

## NINETEENTH AFFIRMATIVE DEFENSE

### (Fair Use-- Copyright)

19.     As their nineteenth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' copyright claims are barred by the doctrine of fair use.

## TWENTIETH AFFIRMATIVE DEFENSE

### (Invalidity or Unenforceability of Copyright)

20.     As their twentieth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' copyrights are invalid and/or unenforceable.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Safe Harbor)

21.     As their twenty-first and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' claims are barred under the Digital Millennium Copyright Act, 17 U.S.C. § 512.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Misuse of Copyright)

22.     As their twenty-second and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' claims are barred by the doctrine of misuse of copyright.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Invalidity or Unenforceability of Trademarks)

23.     As their twenty-third and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' trademarks are invalid and/or unenforceable.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Innocent Printer)

24.     As their twenty-fourth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that Plaintiffs' damages, if any, are barred by  15 U.S.C. § 1114(2)(A).

/ / /

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Non-Infringement)

25.     As their twenty-fifth and separate affirmative defense to the Complaint, Defendants, and each of them, allege that they have not infringed any applicable trademarks or copyrights under federal or state law.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Apportionment)

26.     As their twenty-sixth and separate affirmative defense to the Complaint, Defendants, and each of them, deny any legal responsibility for Plaintiffs' alleged damages; however, to the extent that Defendants, or any of them, is found to be legally responsible, Defendants' legal responsibility is not the sole and proximate cause of Plaintiffs' alleged injuries, and any damages awarded to Plaintiffs are to be apportioned in accordance with the fault and legal responsibility, if any, of all parties, persons and entities who contributed to and/or caused said damages.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (No Obligation to Search For Infringing Items)

27.     As their twenty-seventh and separate affirmative defense to the Complaint, Defendants allege that they had no obligation to search for potentially infringing items on any website at issue in this action.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reservation of Defenses)

28.     As their twenty-eighth and separate affirmative defense to the Complaint, Defendants allege that they have insufficient knowledge or information upon which to form a belief as to whether they may have additional, and as yet unstated affirmative defenses available, and reserve the right to assert such additional defenses in the event that further discovery, investigation or analysis indicate they are proper.

**WHEREFORE**, Defendants pray for relief as follows:

1.     That the Complaint be dismissed, with prejudice in its entirety;

2.      That Plaintiffs take nothing by reason of this Complaint and that judgment be entered against Plaintiffs and in favor of Defendants;

3.      That Defendants be awarded their attorneys' fees and costs incurred in defending this action;

4.      That Defendants be granted such other and further relief as the Court may deem just and proper.

VEATCH CARLSON, LLP

DATED: June 14, 2018                 BY:      */s/ Kim D. Ashley*_____
                                                        KEVIN R. LUSSIER
                                                        KIM D. ASHLEY
                                                        Attorneys for Defendants,
                                                        OOSHIRTS INC., LITTLE RAYMOND'S
                                                        PRINT SHOP INC., and RAYMOND LEI

## DEMAND FOR JURY TRIAL

Defendants hereby demand trial by jury on all issues in the Complaint triable to a jury pursuant to F.R.C.P. Rule 38(b).

VEATCH CARLSON, LLP

DATED: June 14, 2018                 BY:      */s/ Kim D. Ashley*_____
                                                        KEVIN R. LUSSIER
                                                        KIM D. ASHLEY
                                                        Attorneys for Defendants,
                                                        OOSHIRTS INC., LITTLE RAYMOND'S
                                                        PRINT SHOP INC., and RAYMOND LEI

ANSWER TO COMPLAINT