Annie S. Wang (CA SBN 243027)
*annie@wangalc.com*
J. Andrew Coombs, Of Counsel (CA SBN 123881)
*andy@wangalc.com*
Wang Law Corporation
1150 Foothill Boulevard, Suite E
La Cañada Flintridge, California 91011
Telephone:      (818) 500-3200
Facsimile:      (818) 500-3201

Attorneys for Plaintiffs
Sanrio Co. Ltd. and Sanrio, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO)

| | |
|---|---|
| Sanrio Co. Ltd and Sanrio, Inc., | Case No.: 3:18-cv-02235 CRB |
| Plaintiffs, | **JOINT CASE MANAGEMENT STATEMENT** |
| v. | |
| ooShirts Inc., Little Raymond's Print Shop Inc., Raymond Lei, and Does 1 through 10, inclusive, | <u>Case Management Conference:</u><br>Date:   July 20, 2018<br>Time:   8:30 a.m.<br>Court:  Hon. Charles R. Breyer |
| Defendants. | |

The parties to the above-entitled action (the "Parties") submit this Joint Case Management Statement and request the Court to adopt it as the Case Management Order in this case, pursuant to Federal Rule of Civil Procedure 16 and Civil L.R. 16-10(b).

## JOINT CASE MANAGEMENT STATEMENT

1.  <u>Jurisdiction and Service</u>

<u>Jurisdiction</u>: The claims alleged herein arise under the Trademark Act, 15 U.S.C. § 1051, et seq., and under the Copyright Act of 1976, 17 U.S.C. § 101, et seq., for trademark and copyright infringement.  This Court has original jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121, 28 U.S.C. §§ 1331, 1332 and 1338.  This Court has personal jurisdiction over the Defendants because they do business in the district.  The events giving rise to the claims alleged herein occurred, among other places, within this judicial district.  Venue in the Northern District of California is proper pursuant to 28 U.S.C. § 1391(b) and § 1400(a).

Service: All named parties have been served.

2.  Facts

Plaintiffs' Contentions:

Plaintiffs Sanrio Co. Ltd. ("Sanrio Co.") and Sanrio, Inc. ("Sanrio") (collectively "Plaintiffs") own and/or have exclusive rights to a catalogue of well-known characters and logos protected by trademark and/or copyright, including but not limited to HELLO KITTY ("Plaintiffs' Properties").  A sample of Plaintiffs' Properties are depicted below:









Despite worldwide fame, Defendants ooShirts Inc., Little Raymond's Print Shop Inc., and Raymond Lei (collectively "Defendants") offered, marketed, manufactured, printed, distributed and sold various products depicting and including unauthorized copies and uses of Plaintiffs' Properties.  When placed on notice, Defendants failed to stop their infringement.

As a result, Plaintiffs seek money damages and injunctive relief against Defendants for infringing Plaintiffs' copyrights and trademarks despite multiple notices.  In particular, Plaintiffs allege that Defendants were responsible for the distribution, promotion and sale of unauthorized apparel, mugs, bags, posters, cellular telephone cases, and related items, which incorporate unauthorized likenesses of characters or other logos exclusively owned and/or licensed by Plaintiffs.

Defendants' Contentions

Defendants are in the business of operating an online print-on-demand platform through which third-party sellers may submit designs (including text and images), and advertise and sell

products on which those designs may be printed. Defendants employ numerous screening methods in an effort to ensure that the designs uploaded by third-parties do not infringe upon the intellectual property rights of others. Additionally, Defendants comply with the Digital Millennium Copyright Act and work with intellectual property owners to ensure that intellectual property owners may expeditiously have infringing items removed from Defendants' online platform.

Defendants deny that they engaged in any actionable infringement or false advertising in connection with Plaintiffs' intellectual property. Defendants further contend that if any infringement occurred, Defendants acted in good faith, innocent of any knowledge or intent to infringe Plaintiffs' rights.

3.  Legal Issues

Plaintiffs identify Defendants' willfulness and the extent of Defendants' profits as the principal issues in the case.

Defendants contend that the legal issues presented include (1) Plaintiffs' ownership of rights in the intellectual property claimed to have been infringed; (2) whether Defendants infringed upon any intellectual property rights owned by Plaintiffs; (3) whether the alleged infringing uses were in fact legally permissible; (4) whether, if infringement occurred, such infringement was willful; and (5) if infringement occurred, the appropriate measure of damages that should be awarded given the circumstances presented.

4.  Motions

There are no prior or pending motions.

Plaintiffs believe a motion for summary judgment as to liability/damages and/or entry of a preliminary or permanent injunction may be appropriate.

Defendants contemplate possibly bringing a motion for summary judgment or partial summary judgment.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

5.   Amendment of Pleadings

Plaintiffs, at this time, do not contemplate the amendment of pleadings for any reason, including the addition of new parties.  Plaintiffs believe that information disclosed in discovery may make addition of new defendants prudent and a more efficient use of the Court's resources.

The Parties propose that the last day to amend the pleadings and the last day to join additional parties shall be 90 days from the date of the case management conference.

6.   Evidence Preservation

The Parties have discussed discovery and preservation of electronically stored information.

Defendants have identified their internal practice of destroying silkscreen screens after use which they claim are duplicative of electronic data which is retained.  Defendants have also identified the loss of certain data related to "mock up" images as a result of a system upgrade, but contend that equivalent information regarding all designs is preserved and successfully stored in a back-up system.

7.   Disclosures

The Parties agree that the required disclosures under Rule 26(a)(1) will be made  before the date of the case management conference.

8.   Discovery

Plaintiffs anticipate propounding written discovery, issuing subpoenas to Defendants' third party service providers, as well as taking depositions.  Plaintiffs may also seek discovery from other third-parties involved in the infringing activities, including but not limited to, Defendants' customers and users.

Defendants anticipate doing the same.

The Parties do not believe that discovery should be conducted in phases or limited to or focused only upon particular issues.

The Parties propose that discovery be completed by the proposed discovery cut-off date of December 14, 2018, or any other discovery cut-off date the Court may set.

The Parties do not propose any other changes in the limitations on discovery beyond those already contained in the Federal Rules and the Local Rules.

9.  Expert Witnesses

The Parties propose the timing of disclosures under Fed. R. Civ. P. 26(a)(2) as follows:

Disclosure of Expert Witnesses by December 21, 2018.

Disclosure of Rebuttal Expert Witnesses by January 25, 2019.

Completion of Expert Discovery by February 25, 2019.

10. Class Actions

Not applicable.

11. Related Cases

Not applicable.

12. Relief

Plaintiffs contend that they may elect statutory or actual damages but are not prepared to make that election at this time.  If Plaintiffs were to seek statutory damages they would be in the amount of not less than $2,000,000 per trademark willfully infringed and $150,000 per copyright willfully infringed.  Plaintiffs also seek an accounting and entry of a permanent injunction and may also seek their attorneys' fees.

Defendants deny that Plaintiffs are entitled to any relief.

13. Settlement and ADR

Settlement: The Parties have discussed settlement preliminarily before and during their early meeting.

ADR Plan: The Parties believe that a Court sponsored Settlement Conference with a Magistrate Judge could be beneficial.  The Parties have filed or are concurrently filing a Stipulation and [Proposed] Order Selecting ADR Process.

Subject to availability, the Parties would be amenable to proceeding before Magistrate Judge Beeler for purposes of the Settlement Conference.

The parties have filed their respective ADR Certifications attesting to those matters set forth at ADR Local Rule 3-5(b).  Plaintiffs believe discovery or disclosure of the scope and nature of Defendants' sales would aid the Parties in a meaningful discussion regarding settlement.

14. <u>Consent to Magistrate Judge for All Purposes</u>

The Parties do not consent to assignment of this case to a United States Magistrate Judge for Trial.

15. <u>Complex Cases/Other References</u>

The Parties do not believe the case is suitable for reference to binding arbitration, a special master or the Judicial Panel on Multidistrict Litigation, or for referral to the Manual For Complex Litigation.

16. <u>Narrowing of Issues</u>

At this time the Parties have yet to identify issues that can be narrowed by agreement or by motion for purposes of trial.

17. <u>Expedited Schedule</u>

The Parties believe that the legal issues are sufficiently complex such that this case is not appropriate to being handled on an expedited basis with streamlined procedures.

18. <u>Scheduling</u>

The parties propose expert witness disclosures and discovery in paragraph 9 above.

The parties propose a fact discovery cut-off date of December 14, 2018, by which time all fact discovery shall be concluded.

The parties propose that all motions, including dispositive motions, be filed not later than February 28, 2019.

The parties propose a pretrial conference date of May 3, 2019.

The parties propose a trial date of May 20, 2019.

19. <u>Trial Estimate</u>

The Parties have requested a trial by jury.

Plaintiff estimates a trial of approximately five (5) to seven (7) court days.

Defendants estimate seven (7) days for jury trial.

20. <u>Disclosure of Non-party Interested Entities or Persons</u>

The parties have filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-15.

21. <u>Other Issues</u>

The Parties did not identify any other issues affecting case management.

22. <u>Professional Conduct</u>

All attorneys of record for the parties have reviewed the Guidelines for Professional Conduct for the Northern District of California.


DATED: July 12, 2018                    Wang Law Corporation


                                        By: /s/ Annie S. Wang
                                            Annie S. Wang
                                            J. Andrew Coombs, Of Counsel
                                        Attorneys for Plaintiffs Sanrio Co. Ltd. and Sanrio, Inc.


DATED: July 12, 2018                    Veatch Carlson, LLP


                                        By: /s/ Kevin R. Lussier
                                            Kevin R. Lussier
                                            Kim D. Ashley
                                        Attorneys for Defendants ooShirts Inc., Little
                                        Raymond's Print Shop Inc., and Raymond Lei